# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL F. UTTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-169 CEJ |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Respondents, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Samuel Utter for leave to proceed in forma pauperis and his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently confined in the Moberly Correctional Center. Because petitioner is a convicted sex offender, he must complete the Missouri Sexual Offender Program (MOSOP) as a prerequisite for conditional release. A requirement of MOSOP is that offenders admit to their crimes. Petitioner states that will not admit guilt because he is only accountable to God. He has either been denied conditional release or will be in the future.

Under 28 U.S.C. § 2254(a), a district court may entertain a petition for writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Claims that do not state a constitutional issue are not cognizable in a federal habeas petition. *E.g. Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). "[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (citing *Greenholtz v. Inmates of Nebraska Penal &*

*Corrections*, 442 U.S. 1, 9-11, (1979)). Because petitioner has failed to articulate a liberty interest, his claims are not cognizable in a § 2254 proceeding.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **granted**.

An Order of Dismissal will be filed separately.

Dated this 12th day of January, 2017.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE